UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RHONA ALEDIA,<br><br>                    Plaintiff,<br><br>          - against -<br><br>HSH NORDBANK AG,<br><br>                    Defendant. | New York State Supreme Court, Orange County, Index No. 2008-004429 |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, HSH NORDBANK AG ("HSH" or "Defendant") hereby removes this action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, Orange County. The grounds for removal are more particularly stated as follows:

1. HSH is the defendant in the above-entitled action, which was commenced on or about April 28, 2008, when Plaintiff, Rhona Aledia ("Plaintiff"), filed a Summons and Complaint in the Supreme Court of New York, County of Orange, Index No. 2008-004429. A copy of the Summons and Complaint are annexed as Exhibit A.

2. The Summons and Complaint were served on HSH on April 29, 2008.

3. As required by 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, which are the initial pleadings setting forth Plaintiff's claims.

4. There is complete diversity of citizenship between the parties. Plaintiff is a citizen of New York residing at 232 Maybrook Road, Town of Hamptonburgh, Orange County,

689211v1  009986.0102

New York. (Compl. ¶ 1). Defendant is a commercial corporation organized under the laws of Germany with its principal places of business in Hamburg and Kiel, Germany.

5. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. (Compl. ¶ 24).

6. This Court has original jurisdiction over this action, pursuant to 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

7. Accordingly, pursuant to 28 U.S.C. § 1441, Defendant is entitled to remove this action to this Court.

8. As required by 28 U.S.C. § 1446(b) and Local Civil Rule 81.1, true and correct copies of all process, pleadings and orders served upon Defendant and all records and proceedings in the state court are filed with this Notice of Removal.

9. Defendant reserves all substantive and procedural claims, counterclaims and defenses, including, without limitation, defenses based on venue and personal jurisdiction.

WHEREFORE, Defendant requests that this action be removed to this Court for all purposes.

Dated: May 8, 2008
      New York, New York

                      Respectfully submitted,

                      MOSES & SINGER LLP
                      Attorneys for Defendant

                      By: _____
                          David Rabinowitz (DR 5205)
                      The Chrysler Building
                      405 Lexington Avenue
                      New York, New York 10174
                      Tel. 212-554-7800
                      Fax 212-554-7700
                      drabinowitz@mosessinger.com

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE

---------------------------------------X

RHONA ALEDIA,

                         Plaintiff,

   -against-

HSH NORDBANK AG,

                         Defendant.

---------------------------------------X

Date Filed: _____

SUMMONS

Index No. 2008-004429

Plaintiff designates Orange County as the place of trial pursuant to CPLR 503(a).

Assigned Judge:

*[Stamp: Jon Karnofsky, General Counsel, HSH Nordbank, New York Branch]*

*[Handwritten: Rec'd by hand 4/29/08 1:05 pm]*

To the above-named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the date of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you in default for the relief demanded herein.

Dated: April 28, 2008
       New Windsor, New York

                          Rider, Weiner & Frankel, P.C.
                          Attorneys for Plaintiff
                          655 Little Britain Road
                          New Windsor, New York 12553
                          (845)562-9100

                          By: _____
                               Michael J. Matsler

*[Stamp: ORIGINAL FILED / FILED ORANGE COUNTY CLERK 2008 APR 28 P 1:23]*

**Defendant's address:**

HSH Nordbank AG
230 Park Avenue
New York, NY 10169

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE, STATE OF NEW YORK
------------------------------------------------------X
RHONA ALEDIA,

                Plaintiff,

v.

HSH NORDBANK AG,

                Defendant.
------------------------------------------------------X

VERIFIED COMPLAINT

Index No.: **2008-004429**

Assigned Judge:

Plaintiff Rhona Aledia, by her attorneys Rider, Weiner & Frankel, P.C., complaining of the Defendant, alleges as follows:

1. Plaintiff Rhona Aledia is a citizen of the State of New York residing at 232 Maybrook Road, Town of Hamptonburgh, Orange County, New York.

2. Upon information and belief, Defendant HSH Nordbank AG is a foreign corporation doing business in the State of New York with a principal place of business located at 230 Park Avenue, New York, New York.

### STATEMENT OF FACTS APPLICABLE TO ALL CAUSES OF ACTION

3. In January 2005 Ms. Aledia accepted Defendant's written offer of employment as Vice-President of the Structural Commodity Finance Department pursuant to an employment compensation agreement (the "Agreement") dated January 19, 2005, drafted by Defendant and signed by both parties, which she accepted in reliance on Defendant's written promises and representations relating to payment of a base salary and payment of a yearly "incentive compensation award" conditioned upon her being an employee as of the Payment Due Date of the award.

4.  Defendant required that all incentive compensation awards be subject to its "mandatory deferred compensation plan" (the "Deferral Plan"). Under this plan, all incentive compensation awarded for the year just ended equal to $100,000 or less became vested and payable immediately; all amounts over $100,000 became vested and payable immediately except as to a specified percentage, based on a graduated scale commensurate with the amount of the award, which was to be deferred. Such deferral compensation, in turn, was subject to a four-year vesting schedule with accrued interest.

5.  Pursuant to the Agreement, Ms. Aledia duly undertook performance of her duties and fulfilled all conditions required under her Agreement and the mandatory deferred compensation plan. As a result of Ms. Aledia's exemplary performance, Defendant awarded and paid her incentive compensation of $135,000 for the year 2005 and $250,000 for the year 2006. Pursuant to the Deferral Plan, $4,594 was withheld from her 2005 award, and $28,750 was withheld from her 2006 award.

6.  In December 2007, Ms. Aledia was promoted from Vice President to Senior Vice President, effective January 1, 2008, in recognition of her individual performance and contribution to the bank's successful results. Her annual base compensation was increased to $185,000.

7.  On January 25, 2008 Defendant issued Ms. Aledia her 2007 Incentive Statement. (A copy of the Incentive Statement is annexed hereto as Exhibit "A"). Defendant awarded Ms. Aledia incentive compensation of $250,000 as a result of her exceptional services which contributed to Defendant's "successful branch performance in 2007." Defendant further wrote that "additionally, we would like to commend you on your professional and positive attitude to our business, and the unique contribution you have made to our team." (See Exhibit "A").

2

8. Pursuant to Defendant's mandatory deferred compensation plan, $28,750 of the $250,000 incentive award for 2007 was deferred for future payment to Ms. Aledia, while $221,250 of the incentive compensation vested immediately.

9. The Incentive Statement further stated that, pursuant to the Deferral Plan, $8,336 of Plaintiff's prior deferrals from 2005 and 2006 were now vested and payable immediately. (See Exhibit "A")

10. Pursuant to the terms of the Agreement and the Deferral Plan, Defendant's Incentive Statement fixed the Payment Due Date of Ms. Aledia's 2008 vested incentive compensation and vested deferrals for February 15, 2008, as follows: "All awards and deferrals will be paid to you via Payroll on February 15, 2008." (See Exhibit "A") In total, Defendant was obliged to pay Ms. Aledia $229,586 on February 15, 2008.

11. Shortly after Defendant issued the Incentive Statement, Ms. Aledia traveled to Defendant's headquarters in Germany.

12. During that trip, Bernhard Visker, one of Defendant's directors, ordered Ms. Aledia to meet with him to discuss concerns he had regarding improper business arrangements, potential conflicts of interest, and other improprieties on the part of David Lopez, Ms. Aledia's direct supervisor in Defendant's New York City office.

13. On January 30, 2008, Ms. Aledia met with Mr. Visker as directed. She expressed her concern that her supervisor would retaliate against her if she spoke out. Mr. Visker assured Ms. Aledia that their discussion would remain confidential, and ordered her to discuss what she had observed on the part of her supervisor and third parties. As directed by Mr. Visker, Ms. Aledia disclosed her observations.

3

14. On February 1, 2008, following Ms. Aledia's return from Germany, she was asked by Klaus Bernhart, General Manager of the New York City office, to attend a meeting with him and Jon Karnofsky, General Counsel to HSH, to recount what she had told to Bernhard Visker.

15. Shortly thereafter, Ms. Aledia's supervisor, David Lopez, accused her of failing to follow unspecified company policies. Ms. Aledia repeatedly requested that Defendant inform her of the specific policies her supervisor now claimed, for the first time, she had allegedly violated. Defendant did not respond to Ms. Aledia's requests.

16. On or about February 12, 2008, Ms. Aledia was informed by Roland Kiser, General Manager for Operations, and Jon Karnofsky, General Counsel, that payment of her vested incentive compensation award and vested deferral amounts would not be made. In direct contradiction of the terms of Defendant's own Agreement and Deferral Plan, Ms. Aledia was told that her vested incentive compensation award for 2007 and vested deferred amounts were payable solely at the discretion of Defendant.

17. Ms. Aledia was duly employed by Defendant on February 15, 2008 and beyond, and fulfilled all conditions entitling her to payment of her vested incentive compensation and vested deferred compensation.

18. As a result of the Defendant's willful and malicious acts and the intolerable atmosphere of hostility and oppression created by Defendant, Ms. Aledia was forced to submit her resignation on February 19, 2008.

19. At the time of Ms. Aledia's forced resignation she had accrued three unused vacation days for 2008 worth $2,193, as well as five unused vacation days for 2005-2007 worth

4

$3,656.00, for a total of $5,849.00 worth of unused vacation days which Defendant failed or refused to pay.

## FIRST CAUSE OF ACTION

20. Ms. Aledia repeats and realleges her allegations in paragraphs "1" through "19" as if fully stated herein.

21. Despite her requests, Defendant failed or refused to pay Ms. Aledia her vested 2007 incentive compensation and her vested deferred amounts along with accrued vacation pay, thereby breaching its Agreement and the terms of the Deferral Plan.

22. On March 27, 2008 and April 14, 2008 Ms. Aledia again demanded payment from the Defendant.

23. Although duly demanded, Defendant has wrongfully failed or refused to make payment.

24. As a result of Defendant's breach, Ms. Aledia has suffered damages in a principal amount no less than $235,435 plus interest in an amount to be determined.

## SECOND CAUSE OF ACTION

25. Ms. Aledia repeats and realleges her allegations in paragraphs "1" through "24" as if fully stated herein.

26. Defendant by its malicious and inequitable conduct breached its implied duty of good faith and fair dealing and engaged in a campaign to force Ms. Aledia to resign her position, resulting in her constructive termination, in a wrongful attempt to claim a forfeiture of her compensation.

27. Defendant's wrongful, bad faith breach and constructive termination excused Ms. Aledia from further performance on her part and from fulfilling any remaining conditions on

5

which the vesting of her remaining deferred compensation amounts are based; and Defendant is otherwise estopped from asserting any conditions in the Agreement and Deferral Plan as a bar to Ms. Aledia's recovery of her remaining withheld deferred compensation. As a result of Defendant's wrongful conduct and breach, Ms. Aledia has suffered consequential damages in the principal amount of $53,760 for earned, but deferred, incentive compensation, which would have become vested in the ordinary course of business but for Defendant's malicious, inequitable conduct and breach of contract.

### THIRD CAUSE OF ACTION

28. Ms. Aledia repeats and realleges her allegations in paragraphs "1" through "27" as if fully stated herein.

29. Ms. Aledia, in reasonable reliance upon Defendant's promises and representations to pay her incentive compensation, performed valuable services for the Defendant in the years 2005, 2006, 2007, and through February 19, 2008, which Defendant accepted and from which it profited.

30. Despite due demand, Defendant has failed or refused to pay all compensation due Ms. Aledia for said services, thereby unjustly enriching itself to Ms. Aledia's detriment, and causing Ms. Aledia to suffer damages in a principal amount no less than $289,195, plus interest in an amount to be determined.

### FOURTH CAUSE OF ACTION

31. Ms. Aledia repeats and realleges her allegations in paragraphs "1" through "30" as if fully stated herein.

32. Defendant is an employer within the meaning of the New York State Labor Law, and is subject to all the duties and obligations set forth therein.

RIDER, WEINER & FRANKEL, P.C.
P.O BOX 2280 • NEWBURGH, N.Y. 12550 • (845) 562-9100

33.     Ms. Aledia is an employee within the meaning of the New York State Labor Law, and is entitled to all the rights set forth therein.

34.     Pursuant to the terms of the Agreement and the Deferral Plan, Defendant was obliged to pay Ms. Aledia $229,586.00 in vested incentive compensation and vested deferral amounts, plus interest, on February 15, 2008 (See Exhibit "A")

35.     As of February 19, 2008, Defendant was additionally obliged to pay Ms. Aledia for three unused vacation days in 2008 worth $2,193.00, as well as five unused vacation days for 2005-2007 worth $3,656.00, for a total amount of $5,849.00.

36.     Defendant has wrongfully withheld payment of Ms. Aledia's incentive compensation, vested deferral amounts, and unused vacation pay. Although duly demanded, Ms. Aledia has not received payment of the vested incentive compensation, vested deferral amounts, or unused vacation days due to her.

37.     Defendant's withholding of payment to Ms. Aledia or refusal to pay is a violation of Article 6 of New York's Labor Law, by reason of which Ms. Aledia has been damaged in an amount no less than $289,195, plus interest.

38.     Pursuant to Labor Law §198.1-a, Ms. Aledia is entitled to an award of liquidated damages in an amount equal to 25% of the amount of compensation owed, as well as an award of attorneys' fees and costs in an amount to be determined.

**WHEREFORE**, Plaintiff Rhona Aledia respectfully request judgment against Defendant HSH Nordbank AG as set forth above, together with interest and an award of attorneys' fees and costs; and such other relief as the Court deems proper.

Dated: April 28, 2008  
      New Windsor, NY

Rider, Weiner & Frankel, P.C.  
Attorneys for Plaintiff  
655 Little Britain Road  
New Windsor, NY 12553  
(845)562-9100

By: _____  
     Michael J. Matsler

8

**WHEREFORE**, Plaintiff Rhona Aledia respectfully request judgment against Defendant HSH Nordbank AG as set forth above, together with interest and an award of attorneys' fees and costs; and such other relief as the Court deems proper.

Dated: April 28, 2008   Rider, Weiner & Frankel, P.C.
New Windsor, NY   Attorneys for Plaintiff
655 Little Britain Road
New Windsor, NY 12553
(845)562-9100

By: _____
Michael J. Matsler

8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ORANGE, STATE OF NEW YORK
---------------------------------------------------------------X
RHONA ALEDIA,                                                          VERIFICATION

                          Plaintiff,
                                                                 Index No.:

v.

HSH NORDBANK AG,

                          Defendant.                             Assigned Judge:
---------------------------------------------------------------X

STATE OF NEW YORK   )
                              ) SS:
COUNTY OF ORANGE  )

      Rhona Aledia, being duly sworn deposes and says:

      I am the plaintiff in the within action. I have read the annexed complaint and know the contents thereof; the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true based on my recollection of the events leading to the complaint as well as documents referred to therein.

                                                                               Rhona Aledia

Sworn to before me this
28th day of April, 2008.

_____
Notary Public

YURMARIS RENELT
Notary Public - State of New York
01RE6137275
Qualified in ORANGE County
My Comm. Expires NOVEMBER 21, 2009

8

# NORD BANK

PERSONAL – STRICTLY PRIVATE & CONFIDENTIAL

2007 INCENTIVE STATEMENT

January 2008

## Rhona Aledia

Senior Management of HSH Nordbank AG, New York Branch would like to thank you for your efforts which attributed to our successful branch performance in 2007. Additionally, we would like to commend you on your professional and positive attitude to our business, and the unique contribution you have made to our team.

We are pleased to inform you that you have been awarded a discretionary total incentive bonus of $250,000. This amount will be payable as follows:

| | | |
|---|---|---|
| Total cash award 2007: | $221,250 | (before statutory deductions) |
| Total deferred 2007 | $28,750 | |
| **Total Incentive Bonus 2007** | **$250,000** | |

In accordance with the Deferred Compensation Program vesting schedule, an additional $8,356 (before statutory deductions) shall be paid to you this year. For your reference, we have attached your annual deferral and vesting schedule sheet.

All awards and deferrals will be paid to you via Payroll on February 15, 2008.

As we move forward in 2008, we will continue to count on your support in helping us to achieve our branch goals and objectives.

Please note that your individual compensation arrangements are confidential, and that the contents of this letter must not be discussed with anyone other than with your immediate Supervisor.

Sincerely,

HSH Nordbank AG,
New York Branch

Klaus Bernhart
General Manager

Ruth von Kistowsky
Human Resources

# Master Individual Deferral Sheet

**Step 1:** Enter Participant Last Name OR Employee ID #

Last Name: Aledia
OR
Employee ID #:

## Annual Deferrals

| Deferral Year | Employee ID # | Last Name | First Name | Annual Incentive | Deferred Dollars At Each Increment | | | | Annual Deferral | Deferral Return % |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 0-100,000 | 100,001-200,000 | 200,001-500,000 | 500,001-750,000 | 750,000+ | | |
| 2005 | 8 | Aledia | Rhona | $135,000 | $0 | $6,125 | | | | $4,594 | 7.50% |
| 2006 | 28 | Aledia | Rhona | $250,000 | $0 | $17,500 | $11,250 | | | $28,750 | 7.50% |
| 2007 | | Aledia | Rhona | $250,000 | $0 | $17,500 | $11,250 | | | $28,750 | 7.50% |
| 2008 | | | | | | | | | | | |
| 2009 | | | | | | | | | | | |
| 2010 | | | | | | | | | | | |
| 2011 | | | | | | | | | | | |
| 2012 | | | | | | | | | | | |
| **TOTAL** | | | | **$635,000** | | | | | | **$62,094** | |

NOTE: Returns on deferrals are **not** included in any of the above calculations

## Vesting Schedule

| | Feb '07 | Feb '08 | Feb '09 | Feb '10 | Feb '11 | Feb '12 | Feb '13 | Feb '14 | Feb '15 | Feb '16 | Feb '17 | Tot Interest (after 4 yrs) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2005 | $1,148 | $1,148 | $1,148 | $1,148 | $1,148 | | | | | | | $998 |
| 2006 | | $7,188 | $7,188 | $7,188 | $7,188 | $7,188 | | | | | | $6,246 |
| 2007 | | | $7,188 | $7,188 | $7,188 | $7,188 | | | | | | $6,246 |
| 2008 | | | | | | | | | | | | |
| 2009 | | | | | | | | | | | | |
| 2010 | | | | | | | | | | | | |
| 2011 | | | | | | | | | | | | |
| 2012 | | | | | | | | | | | | |
| **TOTAL** | $1,148 | $8,336 | $15,523 | $15,523 | $15,523 | $14,375 | $7,188 | $0 | $0 | $0 | $0 | $13,489 |
| **INTEREST** | $345 | $2,440 | $4,155 | $3,302 | $2,310 | $937 | | | | | | |