UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHONA ALEDIA,  )  08 CV 4342 (BSJ)(HBP)
                          )
        Plaintiff,  )
                          )
-against-        )
                          )
HSH NORDBANK AG,  )
                          )
        Defendant.  )

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS ............................................................................................................................................ 1

ARGUMENT .................................................................................................................................. 4

THE INCENTIVE COMPENSATION CLAIMED BY PLAINTIFF IS PURELY
DISCRETIONARY AND PLAINTIFF HAS NO ENTITLEMENT TO IT ...................... 4

    A.    First Cause of Action – Breach of Contract ................................................ 4

    B.    Second Cause of Action – Wrongful Constructive Discharge .................. 6

        1.    Duty of Good Faith and Fair Dealing .............................................. 6

        2.    Malicious and Inequitable Conduct ................................................. 8

    C.    Fourth Cause of Action – New York Labor Law ....................................... 9

    D.    Third Cause of Action – Unjust Enrichment ............................................ 11

CONCLUSION ............................................................................................................................ 12

688962  009986.0128

## PRELIMINARY STATEMENT

Plaintiff is a former employee of defendant suing for incentive compensation. Defendant's employment agreement with plaintiff stated only that plaintiff was "eligible" for incentive compensation, which was "payable at the Bank's sole discretion." Plaintiff therefore had no legal right to incentive compensation and her claims for incentive compensation must be dismissed.

Plaintiff also claims that she was wrongfully constructively discharged for making statements about her supervisor during an internal investigation of possible wrongdoing or to deprive her of her incentive compensation. Plaintiff, however, was an at-will employee, and these allegations do not constitute legally sufficient grounds for a wrongful discharge claim, much less a wrongful constructive discharge claim. Plaintiff's wrongful constructive discharge claim must also be dismissed.

## FACTS

Because this is a motion to dismiss made under Rule 12(b)(6), Fed. R. Civ. P., the well-pleaded facts of the complaint are treated as true for purposes of this motion, although some of the allegations are, in fact, false. Consequently, this fact statement is based on the complaint and the documents cited in it.

Plaintiff ("Aledia") began work for defendant ("HSH") in 2005, pursuant to an employment agreement identified in the complaint. Complaint, ¶3. Under that employment agreement, Aledia was "eligible" for, but not entitled to incentive compensation.[1] The employment agreement, p. 1 (Von Kistowsky Aff., Exh. A), states that incentive compensation was payable in the "sole discretion" of HSH:

---

[1] Although the employment agreement and the HSH deferred compensation policy referred to below are not attached to the complaint, the Court can consider them without converting this Rule 12(b)(6) motion

> In addition to your annual base salary you will be <u>eligible for</u> an incentive compensation award <u>payable at the Bank's sole discretion</u>, which takes into account your individual performance as well as the overall results achieved by the Bank. (emphases added)

The employment agreement (p. 1) also stated that any incentive compensation would be payable to Aledia only if she were still an employee on the payment date of the incentive compensation:

> Subject to applicable taxes, incentive compensation awards are <u>contingent upon your continued employment with the Bank and not having provided any notice of resignation prior to the incentive compensation payment date</u>, which is generally paid in March of each subsequent calendar year. (emphases added)

HSH also had a policy concerning its incentive compensation awards called its "mandatory deferred compensation plan," which is identified as the "deferral plan" in the complaint. Complaint, ¶4, and see Von Kistowsky Aff., Exh. B. Under the deferral plan, payment of part of each incentive compensation award was deferred up to four years. Plaintiff makes claims for deferral compensation for previous years under the deferral plan. However, as with incentive compensation generally, the deferred amounts were payable only to current employees, not to former employees, and all unpaid deferred amounts were forfeited upon voluntary termination of employment by the employee.[2]

---

into a motion for summary judgment because they are referred to and relied on in the complaint. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006): "We have held that for the purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6): [T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *quoting Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("The contracts considered by the District Court in this case comfortably meet this test because they are integral to the Amended Complaint.").

[2] Deferral plan, pp. 2, 3 (Von Kistowsky Aff., Exh. B):

| Eligibility | Participation in the mandatory deferred compensation plan is determined solely by level of incentive compensation (i.e., bonus). All employees with Total Incentive above $100,000 will receive (i) a portion in cash and (ii) portions to be received periodically <u>conditioned upon continued employment</u>.... (emphasis added) |
|---|---|

On January 25, 2008, HSH advised Aledia that she would receive incentive compensation totaling $229,586 on February 15. Complaint, ¶10. In early February, Aledia was accused of violating HSH policies. Complaint, ¶15. On or about February 12, 2008, Aledia was allegedly told that payment of incentive compensation and deferred incentive compensation would not be made. Complaint, ¶16. Aledia resigned on February 19, 2008. Complaint, ¶18.

The Complaint contains 4 causes of action. All of the causes of action claim incentive compensation[3] under different theories, as follows:

First cause of action – Breach of contract

Second cause of action – Breach of contractual duty of good faith/wrongful constructive discharge

Third cause of action – Unjust enrichment

Fourth cause of action – Violation of New York State Labor Law

All of these causes of action are barred by the terms of the employment agreement and the deferral plan.

As shown in more detail below, employees do not have a right to payment of incentive compensation if the employer's policy or their employment agreement makes the incentive compensation discretionary. For this reason, there was no breach of

---

...

| | |
|---|---|
| Employee Voluntary Termination without No Compete, No Customer/Employee Solicitation Agreement | • Forfeit all unvested amounts (deferred capital and interest) if employee voluntarily terminates employment. |

[3] Plaintiff is also suing for $5,849 in unused vacation days. Defendant has already paid plaintiff for these unused vacation days. However, to the extent that plaintiff disputes that amount, plaintiff's vacation pay claim is not involved in this motion.

contract or of the contractual duty of good faith performance, and Aledia has no claim under the New York Labor Law, which merely adds statutory penalties to certain claims for unpaid wages. Also, incentive compensation does not constitute "wages" under the applicable sections of the New York Labor Law.

Finally, there was no unjust enrichment because there was an express contract covering Aledia's work for HSH and her compensation for that work, which bars an unjust enrichment/implied contract claim.

For these reasons, the complaint should be dismissed.

## ARGUMENT

## THE INCENTIVE COMPENSATION CLAIMED BY PLAINTIFF IS PURELY DISCRETIONARY AND PLAINTIFF HAS NO ENTITLEMENT TO IT

A.   First Cause of Action – Breach of Contract

Under New York law, incentive compensation for employees is governed by the employer's incentive compensation program or the employee's employment agreement, if any. "An employee's entitlement to a bonus is governed by the terms of the employer's bonus plan." *Hall v. United Parcel Serv. of Am.*, 76 N.Y.2d 27, 36, 556 N.Y.S.2d 21, 27 (1990); *accord Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp. 2d 341, 354-55 (N.D.N.Y. 2007); *Criscuolo v. Joseph E. Seagram & Sons, Inc.*, 2003 U.S. Dist. LEXIS 18991, at *33 (S.D.N.Y. 2003); *O'Dell v. Trans World Ent. Corp.*, 153 F. Supp. 2d 378, 397 (S.D.N.Y. 2001).

Aledia's letter agreement covering her employment stated that incentive compensation was payable in HSH's "sole discretion." The employment agreement stated, under "Incentive Compensation Overview":

> In addition to your annual base salary you will be eligible for an incentive compensation award <u>payable at the Bank's sole discretion</u>, which takes

into account your individual performance as well as the overall results achieved by the Bank. (emphasis added)

Von Kistowsky Aff., Exh. A, p. 1.

Clauses of this kind, putting the incentive compensation in the employer's sole discretion, are enforced. "At common law, 'a corporation proposing to give a sum for the benefit of any person or any set of persons has the right to fix the terms of his bounty, and provide under what circumstances the gift shall become vested and absolute.'" *Hall*, 76 N.Y.2d at 36-37, 556 N.Y.S.2d at 27. *See also Nikitovich v. O'Neal*, 40 A.D.3d 300, 836 N.Y.S.2d 34 (1st Dep't 2007): "An employee has no enforceable right to compensation under a discretionary compensation or bonus plan ..."; *Kaplan v. Capital Company of America LLC*, 298 A.D.2d 110, 111, 747 N.Y.S.2d 504, 505-06 (1st Dep't 2002) (affirming summary dismissal of the complaint on the ground that the company handbook expressly stated that bonuses were to be paid in the company's discretion).

HSH's statement that Aledia would receive incentive compensation did not alter HSH's "sole discretion" whether to pay incentive compensation. In *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 225, 715 N.Y.S.2d 366, 369 (2000), as here, the employer had calculated and announced the amount of the employee's bonus. In *Truelove*, bonuses were payable only to current employees. The bonus was payable in four installments, but the employee resigned after payment of only one installment. Even though the bonus had been quantified and announced, summary judgment was granted dismissing employee's claim to the other three installments because plaintiff resigned before the payments at issue were made. 95 N.Y.2d at 225, 715 N.Y.S.2d at 369.

*Bintliff-Ritchie v. American Reinsurance Co.*, 2007 WL 556895, 2007 U.S. Dist. LEXIS 10469 (D.N.J. 2007) presented very similar facts, except there the employee was

discharged by the employer before payment of the announced incentive compensation, rather than resigning as Aledia did here. As here, the award was in the employer's discretion. *Id.* at *6. As here, only current employees were eligible to be paid incentive compensation. *Id.* at *13-14. As here, the employer announced an incentive compensation award. Nine days later, the employer discharged the employee. The Court held that employee did not have a vested right to the award because she was terminated before payment and dismissed her claim to incentive compensation applying the standards of Rule 12(b)(6). *Id.* at *13-14. *See also, Guiry v. Goldman, Sachs & Co.*, 31 A.D.3d 70, 72, 814 N.Y.S.2d 617, 618-19 (1st Dep't 2006) (plaintiff had been awarded stock units and options contingent on continued employment or payment date; plaintiff not entitled to them after his discharge); *Ireton-Hewitt*, 501 F. Supp. 2d at 355 (enforcing bonus plan making bonuses payable only to current employees).

For these reasons, Aledia's first cause of action, alleging a contract right to the incentive compensation, must be dismissed.

**B.     Second Cause of Action – Wrongful Constructive Discharge**

   1.     Duty of Good Faith and Fair Dealing

New York's firm policy is that employees at will may be discharged for any reason not prohibited by statute. The most recent example of this policy is *Smalley v. Dreyfus Corp.*, 10 N.Y.3d 55, 853 N.Y.S.2d 270 (2008), where the Court of Appeals reversed an Appellate Division decision recognizing a cause of action, based on termination of at-will employees, for fraudulent inducement to take and keep a job with defendant. The Court of Appeals said (10 N.Y.3d at 58, 853 N.Y.S.2d at 272):

> New York law is clear that absent "a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an

employment at will remains unimpaired" (*Murphy v American Home Prods. Corp.*, 58 NY2d 293, 305, 448 N.E.2d 86, 461 N.Y.S.2d 232 [1983]). Thus, either the employer or the employee generally may terminate the at-will employment for any reason, or for no reason. <u>In the decades since *Murphy*, we have repeatedly refused to recognize exceptions to, or pathways around, these principles</u> [cit. om.]. (emphasis added)

The duty of good faith and fair dealing does not overcome at-will employment status in New York. Where at-will employees have claimed that they were discharged to avoid payment of various kinds of compensation, the courts have held that employers' right to terminate at-will employees was unrestricted. *Berzin v. W.P. Carey & Co., Inc.*, 293 A.D.2d 320, 320-21, 740 N.Y.S.2d 63, 64 (1st Dep't 2002):

> ... plaintiff claims that defendant's sole motivation in terminating him was to prevent the vesting of additional stock options and other compensation benefits, and that his termination therefore violated the covenant of good faith and fair dealing implied in every contract. Even if defendant were so motivated, plaintiff has no cause of action for breach of contract. <u>The covenant of good faith and fair dealing cannot negate defendant's express right to terminate the revised agreement without cause at any time</u> (see, *Gallagher v Lambert*, 74 NY2d 562; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304-305), notwithstanding its fixed term. (emphasis added)

*Accord, Nikitovich*, 40 A.D.3d at 300, 836 N.Y.S.2d at 34:

> An employee has no enforceable right to compensation under a discretionary compensation or bonus plan and, accordingly, a forfeiture of such compensation <u>does not occasion a cause of action for breach of the implied covenant of good faith and fair dealing</u> [cit. om.]. A claim for breach of the implied covenant of fair dealing cannot substitute for an unsustainable breach of contract claim [cit. om.] (emphasis added)

*See also, Riccardi v. Cunningham*, 291 A.D.2d 547, 737 N.Y.S.2d 871 (2d Dep't 2002) ("Since the plaintiff was an employee at will, her allegation that the defendants violated their duty to terminate her 'only in good faith and with fair dealing' fails to state a cognizable cause of action under New York law"); *Naylor v. CEAG Electric Corporation*, 158 A.D.2d 760, 763, 551 N.Y.S.2d 349, 352 (3d Dep't 1990) ("Because

the employer has the unfettered right to terminate an at-will employee at any time, an implied obligation of good faith and fair dealing would be inconsistent with the other terms of the contractual relationship"); *Baguer v. Spanish Broadcasting Sys., Inc.*, 2007 U.S. Dist. LEXIS 70793, at *22 (S.D.N.Y. 2007) ("a 'defendant does not breach its duty of good faith and fair dealing by exercising its rights under the contract[] ....' [cit. om.] In the context of an at-will employment contract, this means that 'it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination.' [cit. om.]"); *Firtell v. Update, Inc.*, 17 Misc. 3d 1101A, 2007 N.Y. Misc. LEXIS 6426, *17 (Sup. Ct. N.Y. Co. 2007).

Since no duty of good faith or fair dealing would have prohibited HSH from discharging Aledia, *a fortiori* she has no claim for <u>constructive</u> wrongful discharge based on her resignation.

    2.    Malicious and Inequitable Conduct

The second cause of action also alleges that Aledia was forced to resign by HSH's "malicious and inequitable conduct … in a wrongful attempt to claim a forfeiture of her compensation." Complaint, ¶26. While it is not specified in the complaint, the only allegations in the complaint that could possibly be construed to constitute such conduct are that Aledia was allegedly assured that information she gave about her supervisor, as requested by HSH, would be kept confidential, that her supervisor thereafter accused her of failing to follow company policies, and that her incentive compensation was thereafter withheld. Complaint, ¶¶12-16. However, the conduct as alleged would be legally insufficient to create a wrongful discharge, much less a wrongful constructive discharge.

The only conceivable law that Aledia could rely on for a wrongful constructive discharge claim based on her allegations is New York's whistleblower protection statute, New York Labor Law §740. That law, however, prohibits retaliation only against individuals who disclose or threaten to disclose an activity in violation of law "which violation creates and presents a substantial and specific danger to the public health or safety." Labor Law §740(2)(a) (subsections (b) and (c) contained related prohibitions). The law is clear that the only violations of law subject to this statute are those that actually threaten the medical health or physical safety of the public at large. No such allegation is made here. *Remba v. Federation Employment and Guidance Service*, 149 A.D.2d 131, 135, 545 N.Y.S.2d 140, 142 (1st Dep't 1989), *aff'd*, 76 N.Y.2d 801, 559 N.Y.S.2d 961 (1990) (alleged fraudulent billing of New York City for non-existent personnel placements – lengthy analysis rejecting any but a "narrow and specific statutory exception to the employment-at-will doctrine"); *Pipia v. Nassau County, Nassau Health Care Corporation*, 34 A.D.3d 664, 826 N.Y.S.2d 318 (2d Dep't 2006) (corrupt purchasing practices at health care facility); *Vail-Ballou Press, Inc. v. Tomasky*, 266 A.D.2d 662, 698 N.Y.S.2d 98 (3d Dep't 1999) (failure to comply with federal labor law to negotiate with union over a workers' compensation plan – at most violation would affect only a danger to the health of plaintiff's employees, not to the general public).

For these reasons, the second cause of action must be dismissed.

**C.  Fourth Cause of Action – New York Labor Law**

The law enforcing agreements that make incentive compensation discretionary also disposes of Aledia's fourth cause of action, under the New York Labor Law. New York Labor Law §198(1-a), relied on by Aledia, provides for a 25% penalty and counsel fees for certain instances of unpaid wages. However, Labor Law §198(1-a) does not

determine when or if there are any unpaid wages. It merely enforces an employee's right, if any, to be paid: "In any action instituted upon a wage claim by an employee or the commissioner in which the employee prevails ...." When no wages are due, as here, the Labor Law does not make them due. *See Winters v. American Express Tax and Bus. Serv., Inc.*, 2007 U.S. Dist. LEXIS 13564, at *32 (S.D.N.Y. 2007); *Ireton-Hewitt*, 501 F. Supp. 2d at 353-54.

Labor Law §198(1-a) is also inapplicable because discretionary incentive compensation does not constitute "wages." The New York Court of Appeals so ruled in *Truelove, supra*:

> We therefore agree with those courts that have concluded that the more restrictive statutory definition of "wages," as "earnings ... for labor or services rendered," excludes incentive compensation "based on factors falling outside the scope of the employee's actual work" [cit. om.] In our view, the wording of the statute, in expressly linking earnings to an employee's labor or services personally rendered, contemplates a more direct relationship between an employee's own performance and the compensation to which that employee is entitled. Discretionary additional remuneration, as a share in a reward to all employees for the success of the employer's entrepreneurship, falls outside the protection of the statute.

95 N.Y.2d at 224, 715 N.Y.S.2d at 368. *Accord, Duffy v. RMSCO, Inc.*, 34 A.D.3d 1285, 825 N.Y.S.2d 861 (4th Dep't 2006); *Gunthel v. Deutsche Bank AG*, 32 A.D.3d 335, 821 N.Y.S.2d 160 (1st Dep't 2006); *Winters*, 2007 U.S. Dist. LEXIS 13564, at *32.

As in *Truelove*, the incentive compensation here was not based solely on Aledia's performance, but on HSH's overall results as well. The employment agreement states that any incentive compensation, "takes into account your individual performance as well as the overall results achieved by the Bank." Employment agreement, p. 1 (Von Kistowsky Aff., Exh. A). Thus, the rule of *Truelove* applies and Labor Law §198(1-a) does not.

D.   **Third Cause of Action – Unjust Enrichment**

The third cause of action claims that HSH was unjustly enriched by Aledia's services as an employee: "Ms. Aledia ... performed valuable services for the Defendant in the years 2005, 2006, 2007 and through February 19, 2008, which Defendant accepted and from which it profited." Complaint, ¶29. This cause of action claims the same incentive compensation as the other three causes of action. See Complaint, ¶¶29, 30.

It is well-settled that an unjust enrichment claim will not lie when there is an express agreement covering the same matter:

> The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter [cit. om.]. A "quasi contract" only applies in the absence of an express agreement ....

*Clark-Fitzpatrick, Inc. v Long Is. RR Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653 (1987). Accord, rejecting employee compensation claims based on unjust enrichment, *Manuel De La Cruz v. Caddell Dry Dock & Repair Co.*, 22 A.D.3d 404, 405, 804 N.Y.S.2d 58, 60 (1st Dep't 2005) ("The existence of an enforceable written contract covering the matter at issue precludes recovery for causes of action sounding in quasi contract."); *Zolotar v. New York Life Insurance Company*, 172 A.D.2d 27, 33, 576 N.Y.S.2d 850 (1st Dep't 1991) ("Since the plaintiff has fully performed under a written contract, whose existence is undisputed, and whose terms cover the subject matter of the dispute, we find that the plaintiff neither has a cause of action for unlawful enrichment nor a claim for quantum meruit"); *Naylor*, 158 A.D.2d at 761-62, 551 N.Y.S.2d at 351; *Firtell*, 17 Misc. 3d at 1101A, 2007 N.Y. Misc. LEXIS 6426, at *15; *Criscuolo*, 2003 U.S. Dist. LEXIS 18991, at *34.

Since plaintiff's employment and her compensation were covered by the employment agreement and deferral policy relied on in Aledia's complaint, the fourth cause of action, for unjust enrichment, must be dismissed.

## CONCLUSION

The complaint should be dismissed except for any dispute as remains concerning payment for plaintiff's unused vacation days.

Dated: New York, New York
       May 19, 2008

>                         Respectfully Submitted,
>
>                         MOSES & SINGER LLP
>                         *Attorneys for Defendant*
>
>                         By: _____
>                              David Rabinowitz (DR-5205)
>                         405 Lexington Avenue
>                         New York, New York 10174-1299
>                         Tel: (212) 554-7800
>                         Fax: (212) 554-7700
>                         drabinowitz@mosessinger.com