UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

RHONA ALEDIA,

                    Plaintiff,               Case No. 08 Civ 4342 (BSJ)(HBP)

    -against-

HSH NORDBANK AG,

                   Defendant.
————————————————————————X

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

**Rider, Weiner & Frankel, P.C.**
**Attorneys for Plaintiff Rhona Aledia**
**655 Little Britain Road**
**New Windsor, NY 12553**
**(845)562-9100**

**Of Counsel:**

**Michael J. Matsler (MM8139)**
**Darren H. Fairlie (DF0386)**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................... 1

PRELIMINARY STATEMENT ............................................................. 3

STATEMENT OF FACTS .................................................................... 5

POINT I ............................................................................................ 8

      PLAINTIFF'S WELL PLEADED COMPLAINT WITHSTANDS
      DISMISSAL

POINT II ........................................................................................ 9

      MS. ALEDIA'S VESTED INCENTIVE AWARD AND
      VESTED DEFERRAL AMOUNTS CONSTITUTE "EARNED
      WAGES" UNDER NEW YORK'S LABOR LAW

POINT III ....................................................................................... 14

      PLAINTIFF IS ENTITLED TO ALL REMAINING DEFERRED
      INCENTIVE AMONTS

POINT IV ....................................................................................... 18

      DEFENDANT'S WILLFUL FAILURE TO PAY MS. ALEDIA'S
      EARNED WAGES CONSTITUTES A VIOLATION OF
      ARTICLE 6 OF NEW YORK'S LABOR LAW

POINT V ......................................................................................... 20

      PLAINTIFF'S UNJUST ENRICHMENT CAUSE OF ACTION IS
      A PERMISSIBLE FORM OF ALTERNATIVE RECOVERY

CONCLUSION ................................................................................ 21

## TABLE OF AUTHORITIES

511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144 (2002) ....................16

A.H.A. General Construction, Inc. v. New York City Housing Auth., 92 N.Y.2d 20 (1998) .....15

Ayers v. 127 Restaurant Corp., 12 F.Supp.2d 305, 309 (S.D.N.Y. 1998) .........................18

Calcutti v. SBU, Inc., 318 F.Supp.2d 110, 121 (S.D.N.Y. 2002) ...........................…........8

Carlson v. Katonah Capital, L.L.C., 10 Misc.3d 1076(A), 2-3
(N.Y. Sup., New York Cty., 2006) ….......................................................................10, 12

Caruso v. Allnet Communications Services, 242 A.D.2d 484, 484-485
(1st Dept. 1997) ….................................................................................9, 10, 12, 13, 14, 15

Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2nd Cir. 2002) .......................….........8

Cohen v. Lord, Day and Lord, 75 N.Y.2d 95, 101 (1989) …................................…...9, 15

Conley v. Gibson, 355 U.S. 41, 45-46 (1957) …......................................................…8

Curtis Properties Corporation v. The Grief Companies, 212 A.D.2d 259 (1st Dept. 1995) …......15

Dalton v. Educational Testing Serv., 87 N.Y.2d 384 (1995) …......................................16

Dean Witter Reynolds, Inc. v. Ross, 75 A.D.2d 373, 658 (1st Dept. 1980) ….........................9

Dragone v. Bob Bruno Excavating, Inc., 45 A.D.3d 1238, 1239 (3rd Dept. 2007) …..............18

Farash v. Sykes Datatronics, 59 N.Y.2d 500, 503-504 (1983) ….....................................20

Figueira v. Black Entertainment Television, Inc., 944 F.Supp. 299, 308 (S.D.N.Y. 1996) …......8

Guggenheimer v. Bernstein Litowitz Berger & Grossmann LLP, 11 Misc.3d 926, 932
(N.Y. Sup., New York Co., 2006) …..................................................................10

Hall v. United Parcel Service of America, Inc., 76 N.Y.2d 27, 36 (1990) ….......................10

Kok v. First Unum Life Ins. Co., 154 F.Supp 777, 781 (S.D.N.Y. 2001) ….........................8

Leeds v. Meltz, 85 F.3d 51, 53 (2nd cir. 1996) …....................................................8

Longo v. Shore & Reich Ltd., 25 F. 3d 94 (2d Cir. 1994) …..........................................16

1

Manhattan Fuel Co. v. New England Petroleum Corp., 422 F.Supp. 797, 802 (S.D.N.Y.1976)..20

Marvullo v. Gruner + Jahr AG & Co., 2001 WL 40772 (S.D.N.Y. 2001) ..........................8

Mirchel v. RMJ Securities Corp., 205 A.D.2d 388, 390 (1st Dept. 1994) ......9, 10, 13, 14, 15, 20

Miteva v. Third Point Management Co, LLC, 323 F.Supp.2d 523 (S.D.N.Y. 2004) .............18

O'Dell v. Trans World Entertainment Corp., 153 F. Supp. 2d 378 (S.D.N.Y. 2001) .............10

Quirk v. American Management Systems, Inc., 2002 WL 31654966, 1-2 (S.D.N.Y. 2002)..11, 12

Reilly v. Natwest Market Group, 181 F.3d 253, 264-265 (2nd Cir. 1999) ...........................9

Sarama v. John Mee, Inc. 102 Misc. 2d 132, 422 N.Y.S.2d 582 (N.Y. City Cir. Ct. 1979) .......11

Sathe v. Bank of New York, 1991 WL 102614 (S.D.N.Y. 1991) ...................................20

Seymour v. Reader's Digest Ass'n, Inc., 493 F.Supp. 257, 264 (S.D.N.Y.1980) ..................20

Simpson v. Lakeside Engineering, P.C., 26 A.D.3d 882 (4th Dept. 2006),
leave to appeal denied, 7 N.Y.3d 704, 819 N.Y.S.2d 871 (2007) ..................................10

Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2nd Cir. 1992) ...................................8

Truelove v. Northeast Capital & Advisory, Inc., 268 A.D.2d 648, 649-650
(3rd Dept. 2000) ...............................................................................9, 10, 13, 15

Tuttle v. Geo. McQuesten Company, Inc., 227 A.D.2d 754, 756 (3rd Dept. 1996) .......11, 12, 14

Watson v. Prentice-Hall, Inc., 50 A.D.2d 1077, 1077 (4th Dept. 1975) ...........................9

Wegman v. Diarylea Co-op, Inc., 50 A.D.2d 108, 112 (4th Dept. 1975) ...........................20

Weiner v. Diebold Group, 173 A.D.2d 166, 167-168 (1st Dept. 1991) .........................9, 15

2

## PRELIMINARY STATEMENT

Plaintiff Rhona Aledia submits this Memorandum of Law in opposition to Defendant HSH Nordbank AG's motion pursuant to FRCP Rule 12(b)(6) to dismiss the complaint, in which Ms. Aledia seeks to recover vested incentive compensation that has been wrongfully withheld by the Defendant. Defendant's own records show that Ms. Aledia's incentive compensation had vested. If any party would be entitled to judgment at this early stage it is Ms. Aledia.

As set forth in the complaint, Ms. Aledia was employed by the Defendant for approximately three years. She relied on her yearly incentive compensation for approximately 60% of her total annual compensation. The terms and conditions of her remuneration were set forth in Defendant's letter of January 19, 2005 letter and its "mandatory deferred compensation plan". Defendant's sophistry aside, the "Deferral Plan" clearly provides that annual vesting is an integral feature of Defendant's incentive program, both as to the award portion currently payable, and deferred amounts. The major portion of the annual incentive award became vested and payable, with the balance being deferred for future payment under the "Deferral Plan".

Each year, Defendant issued to Ms. Aledia an "Incentive Statement" setting forth the total amount of the incentive award for the year ended, the amount to be deferred, the amount of incentive award currently payable together with prior deferrals vested and payable, and the "Payment Date" for such vested amounts. Ms. Aledia's 2007 incentive award was confirmed in Defendant's Incentive Statement dated January 2008, which fixed a Payment Date of February 15, 2008. As set forth in Ms. Aledia's affidavit, Defendant, in retaliation for Ms. Aledia's disclosure of her supervisor's illicit financial dealings, refused to pay her. Ms. Aledia accordingly resigned on February 19, 2008.

3

Case law is clear that, under both New York State common law and the New York State Labor Law, Ms. Aledia's incentive compensation constituted vested and mandatory earned wages and became due and payable on February 15, 2008. Defendant invokes selected cases taken out of context to argue that Ms. Aledia's vested incentive compensation remained discretionary and forfeitable, all while ignoring the plain language of its own documents. Plaintiff submits that her well pleaded complaint and Defendant's records require the denial of Defendant's motion.

4

## STATEMENT OF FACTS

A copy of the Complaint is annexed as Exhibit "1" to Ms. Aledia's opposing affidavits. Ms. Aledia sets forth the following facts in her complaint.

In January 2005 Ms. Aledia accepted Defendant's written offer of employment as Vice-President of the Structured Commodity Finance Department in reliance an employment compensation agreement dated January 19, 2005, drafted by Defendant and signed by both parties. She accepted in reliance on Defendant's written representations relating to payment of a base salary and an annual "incentive compensation award" conditioned upon her being an employee as of the payment date of the award. (Exhibit "1", Complaint ¶3).

Defendant made incentive compensation awards subject to its "mandatory deferred compensation plan" (the "Deferral Plan"). Under the Deferral Plan, all incentive compensation awarded for the year just ended equal to $100,000 or less became vested and payable immediately; all amounts over $100,000 became vested and payable immediately except as to a specified percentage, based on a graduated scale commensurate with the amount of the award, which was to be deferred. Such deferral compensation, in turn, was subject to a four-year vesting schedule with accrued interest. (Exhibit "1", Complaint ¶4).

As set forth in her Affidavit, Ms. Aledia dove into her duties with alacrity and proved herself to be a valuable asset to her employer. As a result of Ms. Aledia's exemplary performance, Defendant paid her incentive compensation of $135,000 for the year 2005 and $250,000 for the year 2006. Pursuant to the Deferral Plan, $4,594 was withheld from her 2005 award, and $28,750 was withheld from her 2006 award. (Exhibit "1", Complaint ¶5).

5

On January 7, 2008 Ms. Aledia received her performance evaluation for 2007. Defendant stated that Ms. Aledia's performance was superior in virtually every category. (See Aledia Affidavit; Ex. "2" thereto).

On January 25, 2008 Defendant issued Ms. Aledia her 2007 Incentive Statement. Defendant advised her that, based on her exemplary performance, she had earned $250,000 in incentive compensation, of which, pursuant to Defendant's Deferral Plan, $221,250 vested and was to be paid on February 15, 2008 along with Ms. Aledia's vested deferral compensation of $8,336 from 2005-2006. (Exhibit "1", Complaint ¶¶7-10, with 2007 Incentive Statement attached as exhibit A thereto).

Defendant confirmed in its 2007 Incentive Statement that, "[A]ll awards and deferrals will be paid to you via Payroll on February 15, 2008." In total, Defendant was obliged to pay Ms. Aledia $229,586 on February 15, 2008. (Exhibit "1", Complaint ¶10.)

Shortly after Defendant issued the Incentive Statement, Ms. Aledia traveled to Defendant's headquarters in Germany. During that trip Bernard Visker, one of Defendant's directors, directed Ms. Aledia to discuss with him potential misconduct committed by David Lopez, her direct supervisor in Defendant's New York City office. Bernard Visker assured Ms. Aledia that their discussions would remain confidential. Ms. Aledia disclosed her observations, though concerned about the possibility of retaliation. (Exhibit "1", Complaint ¶¶11-13).

Upon Ms. Aledia's return from Germany, she was questioned by Roland Kiser, General Manager, and Jon Karnofsky, General Counsel, about the disclosures she had made to Bernard Visker. In retaliation, Ms. Aledia's supervisor, David Lopez, accused her of failing to follow unspecified company policies. Ms. Aledia repeatedly requested that she be told the specific

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280    •    NEWBURGH, N. Y. 12550    •    (845) 562-9100

policies her supervisor now claimed, for the first time, she had allegedly violated. Mr. Kiser and Mr. Karnofsky did not respond to Ms. Aledia's requests. (Exhibit "1", Complaint ¶¶14-15).

On or about February 12, 2008, Ms. Aledia was informed by Roland Kiser and Jon Karnofsky that payment of her 2007 vested incentive award and 2005-2006 vested deferral amounts would not be made on the Payment Date, in direct contradiction to the terms of the Agreement, Deferral Plan, and Incentive Statement. (Exhibit "1", Complaint ¶16, exhibit A thereto). Mr. Kiser stated that she should not be surprised that the company would retaliate for her having made such disclosures. (See Aledia Affidavit).

Ms. Aledia was duly employed by Defendant on the Payment Date of February 15, 2008 and beyond, and fulfilled all conditions entitling her to payment of her 2007 vested incentive award and 2005-2006 vested deferral amounts. Despite her requests, Defendant failed or refused to pay Ms. Aledia her 2007 vested incentive award and 2005-2006 vested deferral amounts along with accrued vacation pay, thereby breaching its Agreement and the terms of the Deferral Plan, as well as willfully violating Article 6 of the New York Labor Law. (Exhibit "1", Complaint ¶¶17, 21, 37-38, exhibit A thereto).

7

## POINT I

## PLAINTIFF'S WELL PLEADED COMPLAINT WITHSTANDS DISMISSAL

In reviewing a motion to dismiss pursuant to FRCP Rule 12(b)(6), the Court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2nd Cir. 2002); Leeds v. Meltz, 85 F.3d 51, 53 (2nd Cir. 1996). The Court must deny the motion to dismiss unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. Stewart v. Jackson & Nash, 976 F.2d 86, 87 (2nd Cir. 1992); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The existence of a question of fact precludes dismissal of the complaint pursuant to FRCP Rule 12(b)(6). See e.g., Calcutti v. SBU, Inc., 318 F.Supp.2d 110, 121 (S.D.N.Y. 2002); Kok v. First Unum Life Ins. Co., 154 F.Supp 777, 781 (S.D.N.Y. 2001); Figueira v. Black Entertainment Television, Inc., 944 F.Supp. 299, 308 (S.D.N.Y. 1996); see also Marvullo v. Gruner + Jahr AG & Co., 2001 WL 40772 (S.D.N.Y. 2001) (a question of fact must be construed in the plaintiff's favor on a motion to dismiss pursuant to FRCP Rule 12(b)(6).

Accepting the factual allegations in the complaint as true, and drawing all reasonable inferences in the Plaintiff's favor, Ms. Aledia has set forth ample facts to entitle her to relief. The Defendant relies upon documentary evidence submitted together with its motion to dismiss; however, this documentary evidence serves only to substantiate the allegations of the complaint, rather than invalidate the allegations beyond a reasonable doubt. Therefore, Defendant's motion to dismiss the complaint should be denied in its entirety.

8

## POINT II

## MS. ALEDIA'S VESTED INCENTIVE AWARD AND VESTED DEFERRAL AMOUNTS CONSTITUTE "EARNED WAGES" UNDER NEW YORK LAW

New York's Labor Law § 190(1) defines "wages" as "the *earnings* of an employee for labor or service rendered, regardless of whether the amount of *earnings* is determined on a time, piece, commission or *other basis*". [emphasis added]. New York has a long standing policy against the forfeiture of "earned wages", and any contract resulting in the forfeiture of earned wages is void as against public policy. Mirchel v. RMJ Securities Corp., 205 A.D.2d 388, 390 (1st Dept. 1994); Weiner v. Diebold Group, 173 A.D.2d 166, 167-168 (1st Dept. 1991) (if incentive compensation payments were payments of earned wages, the employee could not contract to forfeit them); see also Cohen v. Lord, Day and Lord, 75 N.Y.2d 95, 101 (1989); Watson v. Prentice-Hall, Inc., 50 A.D.2d 1077, 1077 (4th Dept. 1975) (earned incentive compensation cannot be withheld merely because the employee did not work until the date the incentive compensation was to have been paid).

The dispositive factor in determining whether an employee's unpaid "incentive compensation" constitutes "earned wages" is not the labeling of the compensation itself, but whether the compensation has become vested and mandatory as opposed to remaining discretionary and forfeitable. Truelove v. Northeast Capital & Advisory, Inc., 268 A.D.2d 648, 649-650 (3rd Dept. 2000), aff'd 95 N.Y.2d 220 (2000); Caruso v. Allnet Communications Services, 242 A.D.2d 484, 484-485 (1st Dept. 1997); Reilly v. Natwest Market Group, 181 F.3d 253, 264-265 (2nd Cir. 1999); see also Mirchel, 205 A.D.2d at 390; Weiner, 173 A.D.2d at 167-168; Dean Witter Reynolds, Inc. v. Ross, 75 A.D.2d 373, 658 (1st Dept. 1980). Whether incentive compensation is vested and mandatory as opposed to remaining discretionary and

9

forfeitable presents a question of fact. Truelove, 268 A.D.2d at 650; Caruso, 242 A.D.2d at 485; Mirchel, 205 A.D.2d at 390.

Here, however, Defendant's own documents show that any question of fact must be resolved in favor of Ms. Aledia. An employee's entitlement to incentive compensation is governed by the terms of the employer's plan and related documents, Hall v. United Parcel Service of America, Inc., 76 N.Y.2d 27, 36 (1990); O'Dell v. Trans World Entertainment Corp., 153 F. Supp. 2d 378 (S.D.N.Y. 2001), which create an enforceable contract with respect to payment of incentive awards. Simpson v. Lakeside Engineering, P.C., 26 A.D.3d 882 (4th Dept. 2006), leave to appeal denied, 7 N.Y.3d 704, 819 N.Y.S.2d 871 (2007).

An employee's incentive compensation becomes vested and mandatory (or "earned" for purposes of the Labor Law) once the employer has exercised its discretion by making the award in the employee's favor, and the employee has fulfilled all of the conditions entitling him or her to payment under the employer's plan. See e.g., Guggenheimer v. Bernstein Litowitz Berger & Grossmann LLP, 11 Misc.3d 926, 932 (N.Y. Sup., New York Co., 2006) any discretion is exercised at the moment the employer decides to award the bonus; when incentive compensation has already been earned by the time the employer decides not to pay, the employer can no longer argue that such a bonus is discretionary, and its failure to pay is a breach of contract); Carlson v. Katonah Capital, L.L.C., 10 Misc.3d 1076(A), 2-3 (N.Y. Sup., New York Cty., 2006) (even though incentive compensation was payable to the employee "at the sole discretion" of the employer, and employer reserved the right to forfeiture under several conditions of employment, employee's incentive compensation once awarded became vested and earned when employee complied with all of the conditions under the employer's plan, entitling the employee to payment).

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280   •   NEWBURGH, N. Y. 12550   •   (845) 562-9100

Mandatory language in the employer's incentive compensation plan documents removes any discretion once the amount has been earned, making it vested and obligatory. See e.g., Caruso, 242 A.D.2d at 484-485 (the trial court improperly resolved a question of fact against the employee where the court ignored the "mandatory language" in employer's compensation documents stating that the employee "will" receive such payment and that the employee's compensation "shall" be increased, indicating that the compensation was earned and non-forfeitable, especially in that the employer drafted the governing documents); Tuttle v. Geo. McQuesten Company, Inc., 227 A.D.2d 754, 756 (3rd Dept. 1996) (terms of employer's compensation plan expressly stated that "payments will be due" at the end of the fiscal year in which the payment was earned, and therefore the employee had vested and non-forfeitable right to incentive compensation at the time of his resignation).

Ms. Aledia's 2007 incentive award and 2005-2006 deferral amounts became vested and mandatory on February 15, 2008, as opposed to remaining discretionary and forfeitable. See, e.g., Sarama v. John Mee, Inc. 102 Misc. 2d 132, 422 N.Y.S.2d 582 (N.Y. City Cir. Ct. 1979) (Employer's letter awarding a specific bonus to employee to be paid at a date certain created an enforceable contractual promise to pay, entitling employee to damages for breach).

Defendant's reliance on the employment agreement verbiage that the award was in Defendant's "discretion" is accordingly misplaced. (Von Kistowsky Affd., Exhibit A). As of February 15, 2008, if not earlier, this discretionary act of Defendant had already occurred. The payment itself was merely a ministerial act, contingent on Ms. Aledia fulfilling two conditions: (1) continued employment to the Payment Date, and (2) not having provided any notice of resignation prior to the Payment Date. (Von Kistowsky Affd., Exhibit A). Ms. Aledia was employed by Defendant on the Payment Date of February 15, 2008, and she had not provided

11

any notice of resignation prior to then, thus fulfilling all conditions entitling her to payment of the 2007 incentive award and 2005-2006 deferral amounts, making them both vested and mandatory. An employer cannot exalt form over substance to deny the employee her right to payment. Caruso v. Allnet Communications Services, 242 A.D.2d 484, 662 N.Y.S. 2d 468 (1st Dept. 1997).

In contrast to Defendant's incentive compensation plan, the employer's plan in Quirk v. American Management Systems, Inc., created an endless number of contingencies to payment that contained various forfeiture/reduction provisions. 2002 WL 31654966, 1-2 (S.D.N.Y. 2002). The employer in Quirk expressly subjected the employee's incentive compensation award to further half-yearly reviews and potential reduction or forfeiture for failure to reach various further financial and non-financial goals or malfeasance up to the date of actual payment. The employee in Quirk never fulfilled all of the contingencies entitling him to payment; thus, his rights to the incentive compensation never became vested, or "guaranteed", as the court stated. Here, the Defendant's Agreement/Deferral Plan/Incentive Statement did not contain any such forfeiture provisions. Similar to the employee in Carlson, Ms. Aledia fulfilled all conditions entitling her to payment on February 15, 2008. Ms. Aledia's 2007 incentive award and 2005-2006 deferred amounts became vested and mandatory (and thus "earned') by fulfilling all conditions entitling her to payment on February 15, 2008.

The language Defendant used in describing the payment terms in its Incentive Statement further establishes that Ms. Aledia's 2007 incentive award and 2005-2006 deferral amounts became vested and mandatory. The Incentive Statement expressly mentions, among other things, that the 2007 incentive award "will be payable", that the 2005-2006 deferral amounts "shall be paid", and that all awards and deferrals "will be paid to [Ms. Aledia] via Payroll on

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280  •  NEWBURGH, N. Y. 12550  •  (845) 562-9100

February 15, 2008". As in <u>Caruso</u>, <u>supra</u> and <u>Tuttle</u>, <u>supra</u> Defendant's own statements that Defendant "will" pay certain awards and deferrals to Ms. Aledia signify that those awards and deferrals are vested and mandatory, as opposed to remaining discretionary and forfeitable.

For the foregoing reasons, and since all factual allegations in the complaint must be accepted as true, with all reasonable inferences to be drawn in the Plaintiff's favor, the allegations of the complaint make out a cause of action for breach of contract. Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's First Claim for Relief. At the very least, the determination of whether Ms. Aledia's 2007 incentive award and 2005-2006 deferral amounts constituted vested and mandatory "earned wages", as opposed to payment remaining discretionary and forfeitable, presents a question of fact. (See <u>Truelove</u>, *supra*; <u>Caruso</u>, *supra*; <u>Mirchel</u>, *supra*). Since the presence of a question of fact precludes dismissal as a matter of law, Defendant's motion should be denied.

13

## POINT III

### PLAINTIFF IS ENTITLED TO ALL REMAINING DEFERRED INCENTIVE AMONTS

**A.    Plaintiff's Remaining Deferred Incentive Amounts Constitute "Earned Wages"**

Defendant argues that an employee should have no enforceable right to compensation under a discretionary compensation plan, and that a forfeiture of such compensation resulting from termination, resignation, or otherwise should not support a claim for breach of the implied covenant of good faith and fair dealing. The cases on which defendant relies, however, only apply where the award itself or the amount of the incentive compensation remains discretionary and forfeitable. Once the award is made, any discretion ends.

As discussed in Point II, <u>infra</u>, the presence of imperative language in an employer's incentive compensation plan documents (e.g., employee *will* receive such payment, employee's compensation *shall* be increased, payments *will* be due) signifies that an employee's incentive compensation, once awarded, is mandatory earned wages. <u>See</u> <u>Caruso</u>, *supra*; <u>Tuttle</u>, *supra*. Here, Defendant's Incentive Statement clearly indicates that the entire 2007 incentive award of $250,000, including the "deferred" amount of $28,750, *will be payable* to Ms. Aledia. (<u>See</u> exhibit A to the Complaint, Ex. "1"). Defendant cannot dispute that the Incentive Statements for 2005 ($135,000 incentive award) and 2006 ($250,000 incentive award) contained the same mandatory payment terms, making those deferred amounts ($4,594 for 2005 and $28,750 for 2006) mandatory as well. Thus, as alleged in the Complaint, payment of $53,760 in incentive awards may have been "deferred" under the Deferral Plan, but those incentive awards had already been "earned" by Ms. Aledia nonetheless. (Exhibit "1", Complaint ¶¶5, 27). As stated

14

**RIDER, WEINER & FRANKEL, P.C.**
P. O. BOX 2280    •    NEWBURGH, N. Y. 12550    •    (845) 562-9100

in Mirchel, Weiner, and Cohen, Defendant's Deferral Plan cannot be read to create a forfeiture of Ms. Aledia's earned wages.

The sole condition Ms. Aledia was to meet in order to receive payment of the deferred amounts was a temporal one. Defendant, however, by its own bad faith conduct, was itself the cause of Ms. Aledia's inability to meet this temporal condition. The law is clear that a defendant cannot raise as a defense a failure of a condition where the defendant itself was responsible for the failure. See e.g., A.H.A. General Construction, Inc. v. New York City Housing Auth., 92 N.Y.2d 20 (1998); Curtis Properties Corporation v. The Grief Companies, 212 A.D.2d 259 (1st Dept. 1995).

For the foregoing reasons, and since all factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor, the allegations in the complaint make out a cause of action against the Defendant for recovery of Ms. Aledia's remaining earned, but deferred, incentive awards in the amount of $53,750. Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's Second Claim for Relief. At the very least, the determination of whether Ms. Aledia's remaining deferred 2007 incentive awards were earned, as opposed to remaining discretionary and forfeitable, presents a question of fact (See Truelove, supra; Caruso, supra; Mirchel, supra). Since the presence of a question of fact precludes dismissal as a matter of law, Defendant's motion to dismiss should be denied.

**B.     Defendant Breached the Duty of Good Faith and Fair Dealing Implied in Ms. Aledia's Compensation Agreement.**

Defendant argues that Ms. Aledia cannot avail herself of the duty of good faith and fair dealing because she was an at-will employee with no contractual rights to employment. While Ms. Aledia left the employ of the Defendant because of its bad faith and malicious conduct, she

15

does not seek to enforce any contractual right to employment; but rather, her contractual right to compensation, for which there was a compensation agreement, and which the Defendant breached during her employment. Ms. Aledia's at-will status is irrelevant to her right to payment of earned compensation. Longo v. Shore & Reich Ltd., 25 F. 3d 94 (2d Cir. 1994).

Implicit in every contract is a covenant of good faith and fair dealing. Dalton v. Educational Testing Serv., 87 N.Y.2d 384 (1995). The covenant of good faith and fair dealing requires that the contracting parties will not take any action which will have the effect of destroying the rights of the other party to receive the benefit of the contract. 511 West 232nd Owners Corp. v. Jennifer Realty Co., 98 N.Y.2d 144 (2002). Here, Defendant breached the duty of good faith and fair dealing on February 12, 2008 when Defendant indicated that it would not pay Ms. Aledia her incentive awards on February 15, 2008 as per the express terms of the Agreement/Deferral Plan/Incentive Statement. Defendant breached the duty again when it failed or refused to actually pay Ms. Aledia on February 15, 2008. (Exhibit "1", Complaint ¶¶16-17, 21-24, 26-27). Defendant's breaches were in bad faith and malicious in that Defendant had no valid reason under the Agreement/Deferral Plan/Incentive Statement to withhold payment on the Payment Date since Ms. Aledia had fulfilled all the conditions entitling her to payment. (Exhibit "1", Complaint ¶¶16-17). Instead, Defendant's failure to pay Ms. Aledia was merely part of a campaign to force Ms. Aledia to resign and forfeit her previously earned deferral amounts. (Exhibit "1", Complaint ¶¶26-27; see Aledia Affidavit). Defendant's bad faith and malicious conduct in refusing to pay Ms. Aledia prevented her from fulfilling the only remaining temporal condition to payment of the future deferral amounts. But for Defendant's bad faith and malicious conduct, all remaining, previously earned deferral amounts would have been paid to Ms. Aledia in the regular course of her employment.

16

For the foregoing reasons, and since all factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor, the allegations in the complaint make out a cause of action against the Defendant for breach of the implied duty of good faith and fair dealing with regard to Ms. Aledia's compensation agreement. Accordingly, the Court should deny Defendant's motion to dismiss Plaintiff's Second Cause of Action.

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280    •    NEWBURGH, N. Y. 12550    •    (845) 562-9100

## POINT IV

### DEFENDANT'S WILLFUL FAILURE TO PAY MS. ALEDIA'S EARNED WAGES CONSTITUTES A VIOLATION OF ARTICLE 6 OF NEW YORK'S LABOR LAW

Article 6 of New York's Labor Law provides that "[n]o employer shall make any deduction from the wages of an employee". Labor Law § 193(1). An employee may commence an action to recover unpaid "wages" based upon the substantive provisions of Labor Law Article 6. Dragone v. Bob Bruno Excavating, Inc., 45 A.D.3d 1238, 1239 (3rd Dept. 2007); Labor Law §§ 198(3), 190 et seq. Where the employee prevails on his or her claim for unpaid wages, the court shall allow such employee reasonable attorney's fees. Labor Law § 198(1-a). Furthermore, upon a finding that the employer's failure to pay the wage was willful, the court shall award an additional amount as liquidated damages equal to twenty-five percent of the total amount of the wages found to be due. Labor Law § 198(1-a). A violation of the New York Labor Law is willful where the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages; no finding of malice or bad faith, however, is necessary. Ayers v. 127 Restaurant Corp., 12 F.Supp.2d 305, 309 (S.D.N.Y. 1998). It is not and cannot be disputed that Ms. Aledia is a covered employee within the meaning of Article 6. Labor Law § 190(2); Miteva v. Third Point Management Co, LLC, 323 F.Supp.2d 523 (S.D.N.Y. 2004).

Here, as alleged in the Complaint, and detailed in the Aledia Affidavit, Defendant's failure to pay Ms. Aledia's 2007 vested incentive award and 2005-2006 vested deferral amounts constituted a willful violation of Article 6 of the Labor Law. Plaintiff submits that Defendant's failure to pay was also malicious and in bad faith; however, Defendant's conduct need not be malicious or in bad faith to be found willful under Labor Law § 198(1-a). Notably, the Defendant does not contest the fact that its failure to pay was willful; instead, Defendant simply

18

argues that Ms. Aledia's 2007 vested incentive award and 2005-2006 vested deferrals are not "wages" under the Labor Law.  As discussed in Point II, however, Defendant's argument turns on whether Ms. Aledia's 2007 incentive compensation award and 2005-2006 deferral amounts became vested.  Defendant's own documents show that it did.

Since all factual allegations in the complaint must be accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor, the allegations in the complaint make out a cause of action against the Defendant for willful violation of Article 6 of New York's Labor Law.

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280    •    NEWBURGH, N. Y. 12550    •    (845) 562-9100

## POINT V

### PLAINTIFF'S UNJUST ENRICHMENT CAUSE OF ACTION IS A PERMISSIBLE FORM OF ALTERNATIVE RECOVERY

A claim in equity to recover the reasonable value of services rendered under a theory of unjust enrichment may be pleaded in the alternative to a contract claim, and may be used as an alternative basis for recovery should the contract sued upon be held void. Mirchel 205 A.D.2d at 390-391; see also Farash v. Sykes Datatronics, 59 N.Y.2d 500, 503-504 (1983). In particular, an aggrieved employee may elect between suing for his or her compensation under the terms of the contract or suing in quantum meruit for the reasonable value of the work performed, minus the value of any payments received. Sathe v. Bank of New York, 1991 WL 102614 (S.D.N.Y. 1991); Seymour v. Reader's Digest Ass'n, Inc., 493 F.Supp. 257, 264 (S.D.N.Y.1980); Wegman v. Diarylea Co-op, Inc., 50 A.D.2d 108, 112 (4th Dept. 1975). While a plaintiff may not recover under both a contractual theory and quasi-contract, he or she is entitled to plead and present the two alternative theories. Seymour, 493 F.Supp at 264; Manhattan Fuel Co. v. New England Petroleum Corp., 422 F.Supp. 797, 802 (S.D.N.Y.1976).

Here, Defendant has breached the Agreement and Deferral Plan (Complaint ¶¶20-27), and there is a question of fact regarding whether Defendant's Deferral Plan is void and unenforceable. (See Point III, supra). Under these circumstances, it is permissible for Ms. Aledia to plead unjust enrichment or quasi-contract in the alternative. Accordingly, Defendant's Motion to Dismiss Plaintiff's Third Claim for Relief should be denied.

RIDER, WEINER & FRANKEL, P.C.
P. O. BOX 2280    •    NEWBURGH, N. Y. 12550    •    (845) 562-9100

## CONCLUSION

For the reasons stated above, plaintiff Rhona Aledia requests that this Court issue an order denying the defendant HSH Nordbank AG's pre-answer motion to dismiss in its entirety; and for such other relief as this Court deems proper.

Dated: June 12, 2008                        Respectfully submitted,

                                   By: _____
                                        Michael J. Matsler, Esq. (MM8139)
                                        Rider, Weiner & Frankel, P.C.
                                        Attorneys for Plaintiff Rhona Aledia
                                        655 Little Britain Road
                                        New Windsor, NY 12553
                                        (845) 562-9100

21