UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RHONA ALEDIA,  )
                         ) 08 CV 4342 (BSJ)(HBP)
            Plaintiff,  )

-against-  )

HSH NORDBANK AG,  )
            Defendant.  )

---

### DEFENDANT'S MEMORANDUM OF LAW
### IN FURTHER SUPPORT OF MOTION TO DISMISS

MOSES & SINGER LLP
*Attorneys for Defendant*
405 Lexington Avenue
New York, New York 10174-1299

## TABLE OF CONTENTS

Page

ARGUMENT ................................................................................................................................. 1

THE INCENTIVE COMPENSATION CLAIMED BY PLAINTIFF IS PURELY
DISCRETIONARY AND PLAINTIFF HAS NO ENTITLEMENT TO IT ..................... 1

    A.    First Cause of Action – Breach of Contract ............................................... 1

    B.    Second Cause of Action – Wrongful Constructive Discharge ................... 3

    C.    Fourth Cause of Action – New York Labor Law ...................................... 4

    D.    Third Cause of Action – Unjust Enrichment ............................................. 5

CONCLUSION ............................................................................................................................... 6

## ARGUMENT

## THE INCENTIVE COMPENSATION CLAIMED BY PLAINTIFF IS PURELY DISCRETIONARY AND PLAINTIFF HAS NO ENTITLEMENT TO IT

A.   First Cause of Action – Breach of Contract

Plaintiff fails to cite a single case where compensation that was expressly made "discretionary" was held to be vested before it was paid. Plaintiff cannot and does not deny that the compensation at issue here is claimed under an employment agreement that expressly makes that compensation "payable at the Bank's sole discretion." Von Kistowsky Aff., Exh. A, p. 1. Plaintiff has not attempted to distinguish the cases cited at pp. 4-6 of our moving brief which stated and applied the rule that "discretionary" compensation is not legally enforceable compensation. Plaintiff's breach of contract claim must be dismissed.

The closest cases plaintiff cites are all distinguishable on the ground that the compensation there was not discretionary. In *Caruso v. Allnet Communication Services, Inc.*, 242 A.D.2d 484, 485, 662 N.Y.S.2d 468, 469 (1st Dep't 1997), the compensation document stated that the employee "will" receive the commission or bonus "upon the fulfillment of certain conditions." In *Simpson v. Lakeside Engineering, P.C.*, 26 A.D.3d 882, 809 N.Y.S.2d 710, 711 (4th Dep't 2006), *app. den.*, 7 N.Y.3d 704 (2006), the compensation was a "guaranteed" bonus. In *Guggenheimer v. Bernstein Litowitz Berger & Grossmann LLP*, 11 Misc. 3d 926, 927-29, 810 N.Y.S.2d 880, 882-84 (Sup. Ct. N.Y. Co. 2006), plaintiff went to work for defendant being told that bonuses would be paid for bringing in business. Only after plaintiff had done the work to bring in the business did the employer say that the bonuses were discretionary. In *Tuttle v. Geo. McQuesten Co.*, 227 A.D.2d 754, 756, 642 N.Y.S.2d 356, 358 (3d Dep't 1996), there was no discretion at

all; the compensation consisted of commissions expressly made "due" at the end of the year when the commissions were generated. *See Truelove v. Northeast Capital & Advisory, Inc.*, 268 A.D.2d 648, 649, 702 N.Y.S.2d 147, 149 (3d Dep't 2000), *aff'd*, 95 N.Y.2d 220, 225, 715 N.Y.S.2d 366, 369 (2000), distinguishing *Tuttle* because the compensation in *Tuttle* was not discretionary.

Other cases cited by Aledia do not apply here because, at the time of the notice to Aledia that the incentive compensation would not be paid, the incentive compensation was still subject to a further condition: that she be employed on the date of payment. An award of incentive compensation that is still subject to a condition that the employee be employed at time of payment has not vested. See cases cited in our Moving Brief, pp. 5-6. A case cited by Aledia herself held that incentive compensation awards that were still subject to a condition of continued employment had not become "earned." In *Carlson v. Katonah Capital, L.L.C.*, 10 Misc. 3d 1076(A), 814 N.Y.S.2d 889 (Sup. Ct. N.Y. Co. 2006) the Court said:

> An employee's incentive compensation may become earned when the employee acquires a vested interest in the incentive compensation <u>and its payment is not conditioned upon some occurrence</u> or left to the discretion of the employer. (emphasis added)

The unfulfilled condition in *Carlson*, as here, was that the employees had to be employed at the time of payment (as to some of the incentive compensation there). For the incentive compensation still subject to that condition, the *Carlson* Court dismissed the employees' claims.[1]

---

[1] Aledia also cites an older Civil Court decision, *Sarama v. John Mee, Inc.*, 102 Misc. 2d 132, 422 N.Y.S.2d 582 (Civ. Ct. N.Y. Co. 1979). There, payment of a fixed bonus was held to have vested because payment was merely deferred to a later date, rather than being conditioned on continued employment.

Here, when HSH allegedly cancelled the incentive compensation the incentive compensation was both discretionary and still subject to the unfulfilled condition that Aledia be employed at the time of payment. HSH never lost or surrendered the discretion it had reserved to itself concerning incentive compensation.

Aledia also cites cases stating that earned wages are not to be forfeited. Aledia br., p. 9. However, it is clear that as to discretionary incentive compensation, whether wages have been "earned" – that is, vested – is determined by the agreement between the employer and employee or by the employer's policies. Aledia admits as much (Aledia br., p. 10), and we cited the cases establishing that rule at pp. 4-5 of our Moving Brief. The New York Court of Appeals recently reaffirmed the rule that the employer has the right to set the conditions upon which compensation is "earned." *Pachter v. Bernard Hodes Group, Inc.*, ___ N.Y.2d ___, 2008 N.Y. LEXIS 1481 (June 10, 2008), holding that deductions that would not be permitted if deducted from earned wages were permitted as part of the process of determining what wages were earned. Here, the incentive compensation had not vested when HSH allegedly revoked it, and there was, consequently, no "forfeit" of anything Aledia had a right to.

For these reasons, Aledia's first cause of action, alleging a contract right to the incentive compensation, must be dismissed.

**B.     Second Cause of Action – Wrongful Constructive Discharge**

The First Department put it plainly in a case we cited, which Aledia does not mention: "An employee has no enforceable right to compensation under a discretionary compensation or bonus plan and, accordingly, a forfeiture of such compensation does not occasion a cause of action for breach of the implied covenant of good faith and fair dealing." *Nikitovich v. O'Neal*, 40 A.D.3d 300, 300, 836 N.Y.S.2d 34, 34 (1st Dep't

2007).

Aledia argues that HSH was not allowed to interfere with her fulfilling the remaining condition to the award, that she be employed at the time of payment. (Aledia Br., pp. 14-15.) However, as we showed in our moving brief, the cases are legion that the employer can invoke a condition requiring the employee to still be employed at time of payment in order to receive incentive compensation, whether the employee resigns or is discharged. *See* the following cases cited in our moving brief: *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220, 225, 715 N.Y.S.2d 366, 369 (2000); *Guiry v. Goldman, Sachs & Co.*, 31 A.D.3d 70, 72, 814 N.Y.S.2d 617, 618-19 (1st Dep't 2006); *Berzin v. W.P. Carey & Co.*, 293 A.D.2d 320, 320-21, 740 N.Y.S.2d 63, 64 (1st Dep't 2002); *Bintliff-Ritchie v. American Reinsurance Co.*, 2007 WL 556895, 2007 U.S. Dist. LEXIS 10469 (D.N.J. Feb. 15, 2007) at *13-14; *Ireton-Hewitt v. Champion Home Builders Co.*, 501 F. Supp. 2d 341, 355 (N.D.N.Y. 2007).

HSH would not have had to pay had it exercised its untrammeled right to discharge Aledia (Moving Br., pp. 6-8). Thus, it would not matter, as Aledia argues, if HSH's failure to pay Aledia had been part of a campaign to cause her to quit and thereby forfeit her incentive compensation by not "fulfilling the only remaining temporal condition to payment." (Aledia Br., p. 16.)

For these reasons, the second cause of action must be dismissed.

**C.    Fourth Cause of Action – New York Labor Law**

Plaintiff impliedly concedes, as we argued in our moving brief, that her right to relief under the New York Labor Law depends on her right, if any, to incentive compensation under her employment agreement or the deferral plan. Aledia does not cite anything in the Labor Law that entitles her to incentive compensation as "wages"

701584v1  009986.0128                           4

independent of her employment agreement and the HSH deferral plan. Furthermore, she does not refute the cases we cited (Moving Br., p. 10) holding that discretionary incentive compensation is not "wages" under the Labor Law.

Thus, the reasons that require dismissal of Aledia's contract claim for incentive compensation also require dismissal of her Labor Law claim.

### D.  Third Cause of Action – Unjust Enrichment

Aledia does not meet any of the appellate authority cited in our Moving Brief (p. 11) holding that parties generally and employees in particular cannot state a claim for unjust enrichment when their compensation covered by an express agreement. Instead, Aledia cites some older cases stating that where an employment contract is "rescinded," the employee may recover in implied contract for the value of her services. (Aledia Br., p. 20.)

Aledia's argument fails because the later cases, which we cited, do not recognize any exception to the foregoing rule. In addition, nothing in her Complaint seeks to rescind her employment agreement (or the deferral plan), or to hold them legally void. All she says about the employment agreement in her unjust enrichment argument is that HSH breached it, which would not satisfy the above standard, even if true. Aledia's leading case, which the others follow, states that a breach gives rise to a claim for damages based on the contract, not a claim to quantum meruit, which must be based on "rescission." *Wegman v. Dairylea Coop., Inc.*, 50 A.D.2d 108, 112, 376 N.Y.S.2d 728, 733-34 (4th Dep't 1975).[2]

---

[2] *Seymore v. Reader's Digest Ass'n*, 493 F. Supp. 257, 264-65 (S.D.N.Y. 1980) cites *Wegman* and dismisses the quantum meruit claim, albeit for other reasons. *Sathe v. Bank of New York*, 1991 WL 102614, at *3-5 (S.D.N.Y. May 31, 1991) also cites *Wegman* and does sustain a quantum meruit claim, but on the ground that on the facts there, the employer might claim that the employment agreement had been

As to the deferral plan, Aledia says in her brief, "there is a question of fact regarding whether Defendant's Deferral Plan is void and unenforceable," referring vaguely to "Point III, supra." (Aledia Br., p. 20.) We have searched Point III and are unable to find anything in it that alleges that the deferral plan was void or unenforceable. Even if we have missed something in Point III of Aledia's brief, the pleading whose sufficiency is challenged here is Aledia's Complaint, and Aledia points to nothing in the Complaint claiming voidness or unenforceability.

Since plaintiff's compensation was covered by express agreements - the employment agreement and the deferral plan - the fourth cause of action, for unjust enrichment, must be dismissed.

## CONCLUSION

The complaint should be dismissed except for any dispute as remains concerning payment for plaintiff's unused vacation days.

Dated: New York, New York
July 9, 2008

Respectfully Submitted,

MOSES & SINGER LLP
*Attorneys for Defendant*

By: _____
David Rabinowitz (DR-5205)
405 Lexington Avenue
New York, New York 10174-1299
Tel: (212) 554-7800
Fax: (212) 554-7700
drabinowitz@mosessinger.com

---

"extinguished" by a later employee benefit plan, which itself had been terminated, leaving the parties without an express agreement.

701584v1 009986.0128                                        6