USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/25/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
RHONA ALEDIA,                         :
                                      :
                    Plaintiff,        :
         v.                           :    08 Civ. 4342
                                      :    <u>Opinion & Order</u>
HSH NORDBANK AG                       :
                                      :
                    Defendant.        :
                                      :
                                      :
-------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Rhona Aledia brings claims against Defendant HSH Nordbank AG for breach of contract, violation of New York Labor Law, violation of the implied covenant of good faith and fair dealing, and unjust enrichment / quantum meruit.

## BACKGROUND

Plaintiff was employed as Vice-President of Defendant's Structured Commodity Finance Department, pursuant to an employment agreement dated January 19, 2005.

The employment agreement addressed payment of an annual "incentive compensation award," subject to employer's discretion and continued employment. (Comp. para. 3.) Incentive compensation awards were also subject to a mandatory deferred compensation plan (the "Deferral Plan"), under which payment of a specified percentage of annual awards over $100,000 would be deferred, payable with accrued interest over a four-year schedule. (Comp. para. 4.)

For the year 2005, Plaintiff was awarded incentive compensation of $135,000, with $4,594 withheld pursuant to the Deferral Plan. For the year 2006, Plaintiff was

awarded incentive compensation of $250,000, with $28,750 withheld pursuant to the Deferral Plan. (Comp. para. 5.)

On January 25, 2008, Plaintiff received an Incentive Statement for 2007 ("Incentive Statement"), informing her that she would receive $221,250 (non-deferred incentive compensation for 2007), as well as $8,336 (deferred compensation from 2005-6), to be paid on February 15, 2008. The Incentive Statement noted that "all awards and deferrals will be paid to you via Payroll on February 15, 2008." (Comp. at paras. 7-10, Opp'n Ex. A.)

On or about February 12, 2008, Plaintiff was informed that payment of her 2007 incentive award and 2005-6 deferral amounts would not be made on the payment date, February 15, 2008. Payment was not made on that date. (Comp. para. 16.) Plaintiff resigned on February 19, 2008.

**STANDARD OF REVIEW**

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint that fails to state a claim upon which relief may be granted. "In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court is required to accept the material facts alleged in the complaint as true." Frasier v. General Elec. Co., 930 F.2d 1004, 1007 (2d Cir. 1991). The court is also required to read a complaint generously, drawing all reasonable inferences from its allegations in favor of the plaintiff. California Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ----, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks, citations, and alterations omitted). A plaintiff must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. This "plausibility standard" is a flexible one, "oblig[ing] a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), *cert. granted,* 128 S.Ct. 2931 (2008).

In deciding a motion to dismiss, this court may consider the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit. Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000); San Leandro Emergency Med. Group Profit Sharing Plan v. Philip Morris Cos., 75 F.3d 801, 808 (2d Cir. 1996).

## DISCUSSION

*Breach of Contract*

In her Complaint, Plaintiff alleges that the amounts awarded to her in the Incentive Statement were vested, and that failure to pay her such compensation violated the terms of her contract with Defendant. (Comp. para. 21.)

Under New York law, incentive compensation for employees is typically governed by the employer's program or the employment agreement, if any. Hall v. United Parcel Serv. Of Am., 76 N.Y.2d 27, 36 (1990); O'Dell v. Trans World Ent. Corp., 153 F.Supp.2d 378, 297 (S.D.N.Y. 2000). New York, however, has a "long standing policy against the forfeiture of earned wages." Mirchel v. RMJ Securities Corp. 205

A.D.2d 388, 389 (1st Dep't 1994); Weier v. Diebold Group, 173 A.D.26 166, 167-68 (1st Dep't 1991) (see below, discussion of 'earned' wages as those which have become vested).

Here, the employment agreement states that incentive compensation awards are payable "at the Bank's sole discretion" and "contingent upon…continued employment with the Bank." (MTD Ex. 1.) It is not readily apparent from the face of this agreement, however, when incentive compensation awards become vested, thereby removing forfeiture as on option within the employer's discretion. The 2007 Incentive Statement, issued by Defendant, informs Plaintiff that "all awards and deferrals will be paid to you via Payroll on February 15, 2008." (Comp. at paras. 7-10, Opp'n Ex. A.) It is at least arguable that whatever discretion over incentive compensation that was reserved by Defendant in the employment agreement was exercised and exhausted by the Incentive Statement, resulting in the award's vesting. On both the date of the Incentive Statement's issuance and the payment date designated therein, Plaintiff was employed by Defendant.

Because the incentive compensation clause of the employee agreement is ambiguous, and whereas Plaintiff has alleged that at least some portion of her award pursuant to this clause became vested while she was still Defendant's employee, the Court DENIES Defendant's motion to dismiss Plaintiff's breach of contract claim.

*Claims under New York Labor Law*

Plaintiff has also alleged violations of New York Labor Law, pursuant to which she seeks an award of liquidated damages equal to 25% of the amount of compensation owed, as well as an award of attorneys' fees and costs. N.Y. Labor Law §§ 190(1), 193, 198 1-a (McKinney 2002) (Comp. para. 38.) Plaintiff has properly pled this claim.

Under New York Labor Law, employers are prohibited from making unexempted deductions from employee's wages. N.Y. Labor Law § 193(1). Wages are defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." N.Y. Labor Law § 190(1). Typically, the term wages does not include bonuses, profit-sharing, and other forms of incentive compensation unless the incentive compensation is already 'earned' by the employee. See Truelove v. Northeast Capital & Advisory, Inc., 95 N.Y.2d 220, 223-24 (2000); Dean Witter Reynolds, Inc. v. Ross, 75 A.D.2d 373, 381 (1st Dep't 1980).

An employee's incentive compensation is 'earned' when the employee acquires a vested interest in the award and its payment is not conditioned upon some occurrence or left to the discretion of the employer. Bonuses and similar incentive compensation generally become vested by contract or by the awarding of a specified amount. See Truelove, 95 N.Y.2d at 223-24; Mirchel v. RMJ Securities Corp., 205 A.D.2d 388, 389-90 (1st Dep't 1994); Dean Witter, 75 A.D.2d at 381 (1st Dep't 1980).

Plaintiff has pled that she was denied payment of wages earned. The employment agreement signed by the parties refers to the claimed amounts as "incentive compensation" and conditions their payment upon Defendant's discretion and Plaintiff's continued employment with Defendant. However, as discussed above, that agreement does not state definitively when the amounts awarded under the incentive compensation program became vested, and it is at least arguable that for those amounts referenced in the Incentive Statement, this occurred while Plaintiff was still Defendant's employee. The Court cannot rule as a matter of law that the amounts claimed by Plaintiff are not

"wages" under New York Labor Law.  Plaintiff has therefore pled a sufficient basis for a claim under New York Labor Law. Defendant' motion to dismiss this claim is DENIED.

*Unjust Enrichment*

Plaintiff also makes a claim for unjust enrichment. (Comp. para. 30.)

A party cannot recover in quantum meruit "if the parties have a valid, enforceable contract that governs the same subject matter as the quantum meruit claim." Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 175 (2d Cir. 2005). See also Clark-Fitzpatrick, Inc. v. Long Is. RR Co., 70 N.Y.2d 382, 388 (1987); Manuel De La Cruz v. Caddell Dry Dock & Repair Co., 22 A.D.2d 404, 405 (1st Dep't 2005) ("The existence of an enforceable written contract covering the matter at issue precludes recovery for causes of action sounding in quasi contract.") "To determine that, as a matter of law, [a contract] provision covers the subject matter at issue…[the Court] must find that the language unambiguously covers this subject matter." Gould v. Lightstone Value Plus Real Estate Inv. Trust, Inc., 301 Fed.Appx. 97, 99 (2d Cir. 2008).

Although Plaintiff's employment agreement with Defendant is ambiguous as to incentive compensation, its subject matter is unambiguous.  It addresses the award, vesting, and payment of incentive compensation to Plaintiff.  Defendant's motion to dismiss Plaintiff's claim for unjust enrichment is therefore GRANTED.

*Implied Covenant of Good Faith and Fair Dealing*

Plaintiff has alleged that Defendant breached its duty of good faith and fair dealing pursuant to her contractual right to compensation.  Plaintiff alleges that certain of Defendant's actions---including refusing to pay amounts due on February 15, 2008---were part of a "campaign to force [Plaintiff] to resign her position, resulting in her

constructive termination, in a wrongful attempt to claim a forfeiture of her compensation." (Comp. para. 26.)

The majority of courts in this district have found that a claim for breach of the implied covenant of good faith and fair dealing based on the same facts as a breach of contract claim asserted in the same complaint is redundant and must be dismissed on a motion to dismiss. See, e.g., JPMorgan Chase Bank, N.A. v. IDW Group, LLC, No. 08-cv-9116, 2009 WL 321222, at * 6 (S.D.N.Y. Feb. 9, 2009) (dismissing implied covenant claim where claim of contract breach derived from same facts); Simon v. Unum Group, No. 07-cv-11426, 2008 WL 2477471, at *4 (S.D.N.Y. June 19, 2008) (dismissing implied covenant claim because it did "not state a distinct cause of action based on a separate set of facts and so [was] not independent from the underlying breach of contract claim as required by New York law"); Dayan Enters. Corp. v. Nautica Apparel, Inc., No. 03 Civ. 5706, 2003 WL 22832706, at **2-3 (S.D.N.Y. Nov. 26, 2003) (dismissing good faith and fair dealing counterclaim that "simply allege[d] a different way in which [plaintiff] allegedly breached a covenant which (although unwritten and implicit) formed part of the contract"); Argonaut P'ship L.P. v. Bancomer, S.A., Nos. 96 Civ. 2222, 00 Civ. 4244, 2001 WL 585525, at *3 (S.D.N.Y. May 30, 2001) (dismissing good faith and fair dealing claim as duplicative of breach of contract claim); Nat'l Football League Properties, Inc. v. Dallas Cowboys Football Club, Ltd., 922 F.Supp. 849, 855 (S.D.N.Y. 1996) (same).

This Court agrees with that majority. The Defendant's motion to dismiss Plaintiff's claim of violation good faith and fair dealing is therefore GRANTED.

**CONCLUSION**

Defendant's motion to dismiss Plaintiff's claims for breach of contract and under New York Labor Law are DENIED. Defendant's motion to dismiss Plaintiff's claims for unjust enrichment and violation of the implied covenant of good faith and fair dealing are GRANTED.

SO ORDERED:

_____
Barbara S. Jones
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         March 23, 2009